IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TAMMY DVORAK
524 E. WILSON AVENUE
APPLETON, WI 54915,

individually and on behalf
of all others similarly situated,

    Plaintiff,

vs.                                                          Case No. 14-CV-87

MINISTRY HEALTH CARE
11925 W LAKE PARK DR, STE 100
MILWAUKEE, WI 53224

    and

AFFINITY HEALTH SYSTEM,
1570 MIDWAY PL
MENASHA, WI 54952

    Defendants.

## COLLECTIVE AND CLASS ACTION COMPLAINT

### INTRODUCTION

1.    This is a class and representative action against Defendants Ministry Health Care and Affinity Health System (hereafter "Defendants") for violations of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §201, et seq., and the Wisconsin wage law, Wis. Stat. §109.01, et seq.

2.    This action alleges that the Defendants maintain unlawful policies of not compensating their hourly employees for all work performed and not compensating their hourly employees for overtime by maintaining policies that require employees to perform

1

uncompensated time before and after the start of scheduled shifts, and by improper rounding of employee hours.

3. Through their class-wide claims, Plaintiffs seek compensation for all uncompensated work and other forms of relief including all penalties, liquidated damages, and other damages permitted by law; all other forms of relief permitted by law; and reasonable attorneys' fees and costs.

4. Plaintiffs and putative class members are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), as they suffered identical wage losses under this policy.

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because plaintiffs allege violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq.

6. This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. §1367 because all other such claims arise in and are so related that they form part of the same case or controversy as the aforementioned claims.

7. The Western District of Wisconsin has personal jurisdiction over Defendants, Affinity and Ministry, because one or both Defendants maintain facilities within the District, perform work in the District, and are subject to jurisdiction within the District.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (d) because Defendants are corporations subject personal jurisdiction within the District at the time this action is being commenced.

## PARTIES

9. Ministry Health Care ("Ministry") is a Wisconsin company with its principal place of business in Milwaukee, Wisconsin. Ministry is an "employer" within the meaning of 29 U.S.C. § 203(d). Ministry's registered agent for service is Lori Henley at 11925 W Lake Park Dr, Ste 100 Milwaukee, WI 53224.

10. Affinity Health System ("Affinity") is a Wisconsin company with its principal place of business in Menasha, Wisconsin. Affinity is an "employer" within the meaning of 29 U.S.C. § 203(d). Affinity's registered agent for service is Jeff Badger at 1570 Midway Pl, Menasha, WI 54952.

11. In February 2012, Ministry assumed full ownership of Affinity. Following the transfer of ownership, both Ministry and Affinity are jointly and individually liable for violations of the FLSA or Wisconsin wage law.

12. Both Ministry and Affinity, jointly and individually, are enterprises engaged in commerce within the meaning of 29 USC § 203(s)(1).

13. Tammy Dvorak ("Dvorak"), the Named Plaintiff, is an adult resident of Appleton, Wisconsin. Dvorak was employed as a phlebotomist by Defendants in Appleton, Wisconsin within the time period prescribed by the applicable statute of limitations. Dvorak brings these claims on behalf of the Wisconsin Unpaid Wage Class and the Collective Class. Dvorak's consent form is attached and incorporated as Exhibit A to this complaint.

14. Dvorak brings these claims on behalf of the Wisconsin Unpaid Wage Class and the Collective Class.

15. Dvorak brings this action on behalf of herself and on behalf of other similarly situated employees pursuant to 29 U.S.C. § 216(b) (hereafter "the Collective Class"). The Collective Class of similarly situated employees is defined as:

> All persons who have been or are employed by Ministry Health Care or Affinity Health System and were denied minimum or overtime wages for performing compensable work before and after their regularly scheduled shift, who have not be compensated for all hours worked and who have not been compensated at one and one-half time the regular rate of pay for all work performed during time worked in excess of forty (40) hours per work week at any time three years prior to the commencement of this lawsuit to the present.

16. Dvorak brings this action on behalf of herself and the Wisconsin Unpaid Wage Class pursuant to Fed. R. Civ. P. 23 (hereafter "Wisconsin Unpaid Wage Class"). The Wisconsin Unpaid Wage Class is defined as:

> All persons who have been or are employed by Ministry Health Care or Affinity Health System and were denied minimum or overtime wages for performing compensable work before and after their regularly scheduled shift, who have not be compensated for all hours worked and who have not been compensated at one and one-half time the regular rate of pay for all work performed during time worked in excess of forty (40) hours per work week at any time three years prior to the commencement of this lawsuit to the present.

## COMMON FACTUAL ALLEGATIONS

17. Defendants employ members of the Collective Class and Wisconsin Unpaid Wage Class to perform medical care at their health care facilities. Defendant Ministry and Defendant Affinity maintain common policies concerning the wages of their employees and the calculation of hours worked by such employees.

18. Defendants maintain time records for employees that record time on a daily basis, and record the hour and minute that employees "clock-in" and "clock-out." Such records include clock-in and clock-out times for the start and end of each shift, as well as the start and end of unpaid breaks.

4

19. Defendants round the time recorded by employees to the nearest quarter hour. However, such rounding is calculated on the start and end of the work schedule or break, rather than on the total amount of time performed on a work day. As a result, employees' time may be rounded downward multiple times during a single work day.

20. Defendants' policies of rounding hours worked results in a failure to compensate employees for all the time they have actually worked.

21. Defendants maintain a policy of paying employees only for their scheduled shifts and not for work outside their regularly scheduled shifts absent prior approval.

22. Defendants schedule medical procedures and patients beginning at the start of employees' scheduled work shifts.

23. In order to perform procedures and receive patients at the beginning of scheduled work shifts, members of the Collective Class and Wisconsin Unpaid Wage Class are required to arrive at work prior to the start of the scheduled shifts and perform uncompensated work.

24. Uncompensated pre-shift work includes, inter alia, calibration of equipment, personal sanitation, preparation of medical equipment, stocking and arranging medical dressing, bandages, and specimen collection materials, and preparation of paper work.

25. Following the conclusion of the scheduled work shift, members of the Collective Class and Wisconsin Unpaid Wage Class are required to continue uncompensated work.

26. Such post-shift work includes, inter alia, storage of equipment, personal sanitation, sanitizing work areas, delivering medical samples, and completion of paper work.

27. Both pre- and post-shift work are principal activities done solely for the benefit of the Defendants and at the Defendants' request.

28. Defendants suffer and permit employees to perform work in excess of the announced work schedule and fail to take actions to stop employees from working in excess of the work schedule.

29. Defendants fail to record hours of work performed by their employees in excess of the announced work schedule and scheduled work periods.

30. Defendants and their supervisors maintain a policy of not paying employees for pre- and post-shift work performed in anticipation of receiving patients or performing procedures and following the end of work shifts to finish working after such procedures and patients.

31. Defendants and their supervisors fail to pay employees for all hours of work performed by their employees, where they request, suffer or permits employees to work beyond the assigned work schedule.

## COLLECTIVE ACTION ALLEGATIONS

32. Dvorak brings the First Claim for Relief on her own behalf and on behalf of the Collective Class, as defined in paragraph 15 of the claim, pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b).

33. Plaintiff is similarly situated to others in the Collective Class and is subject to Defendants' common practice, policy, or plan of refusing to compensate all hours worked and refusing to pay overtime in violation of the FLSA.

34. The claims of the Named Plaintiffs are representative of the claims of the opt-in and collective action plaintiffs, in that, such employees are hourly employees, working for Defendants, who have been deprived of wages and overtime by the Defendants.

35. The names and addresses of the Collective Action Plaintiffs are available from Defendants, and notice should be provided to the Collective Action Plaintiffs via first class mail to their last known address as soon as possible.

## CLASS ALLEGATIONS

36. Dvorak brings the Second Claim for Relief on her own behalf and on behalf of the Wisconsin Unpaid Wage Class, defined in paragraph 16, supra, pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure.

37. The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Ministry and Affinity have employed hundreds of people who satisfy the definition of the class.

38. There are questions of law and fact common to the Wisconsin Unpaid Wage Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class, including, but not limited to:

(a) Whether Ministry and/or Affinity unlawfully failed to compensate the Named Plaintiff and members if the putative class for pre and post shift periods of work within the meaning of Wisconsin Administrative Code § DWD 272.03, 272.12(a) & (e).

(b) Whether Ministry and/or Affinity unlawfully failed to pay overtime compensation to the Named Plaintiff and members of the putative class in violation of and within the meaning of Wisconsin Statute § 103.03 and Wisconsin Administrative Code § DWD 274.03;

(c) Whether Ministry and/or Affinity unlawfully failed to pay minimum wages to the Named Plaintiff and members of the putative class in violation and within the meaning of Wisconsin Statute § 104.02 and Wisconsin Administrative Code § 274.03;

(d) Whether Ministry and/or Affinity's time keeping and rounding policies result in failure to compensate Named Plaintiff and members of the putative class for all time worked.

(e) The nature and amount of compensable work performed by the Named Plaintiff and members of the putative class;

(f) Whether Affinity and/or Ministry employed the Named Plaintiff and members of the putative class within the meaning of Wisconsin Law; and

(g) The proper measure of damages sustained by the Named Plaintiff and members of the putative class.

39. Dvorak's claims are typical of those of the Wisconsin Unpaid Wage Class. Dvorak, like other Wisconsin Unpaid Wage Class members, was subjected to Defendants' illegal pay practices of improper rounding of hours and denying pay for work before and following regular work shifts resulting in a wage loss.

40. Dvorak will fairly and adequately protect the interests of the Wisconsin Unpaid Wage Class and has retained counsel experienced in complex wage and hour litigation.

41. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant, particularly those with relatively small claims.

42. Class certification of the First Claim for Relief is appropriate under Fed. R. Civ. P. 23(b)(3), because questions of law and fact common to the Wisconsin Unpaid Wage Class predominate over any questions affecting only individual members of the Wisconsin Unpaid Wage Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

43. Defendants' common and uniform policies and practices denied the Wisconsin Unpaid Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual Wisconsin Unpaid Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is

superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' pay practices.

44. Dvorak intends to send notice to all members of the Wisconsin Unpaid Wage Class to the extent permitted or required by Rule 23.

### FIRST CLAIM FOR RELIEF
### FAILURE TO PAY OVERTIME AND MINIMUM WAGE
### COMPENSATION IN VIOLATION OF THE FLSA

45. Dvorak individually and on behalf of the Collective Class alleges and incorporates by reference the allegations in the preceding paragraphs.

46. Defendants are employers within the meaning of 29 U.S.C. § 203(d).

47. Dvorak and the members of the Collective Class are employees within the meaning of 29 U.S.C. § 203(e).

48. The FLSA requires each covered employer to compensate all nonexempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours per workweek.

49. The FLSA requires each covered employer to compensate all nonexempt employees at a rate not less than the federal minimum wage for all hours worked.

50. During the applicable statute of limitations, Dvorak and members of the Collective Class performed work for which they received less than the federal minimum wage, including time spent working before and after their scheduled work day and time which was not compensated due to improper rounding of hours.

51. During the applicable statute of limitations, Dvorak and members of the Collective Class performed work in excess of forty (40) hours per week without receiving

overtime compensation, including, but not limited to, time spent working before and after the scheduled work day and time which was not compensated due to improper rounding of hours.

52. These practices violate the FLSA including but not limited to, 29 U.S.C. §§ 206, 207, and have caused, Dvorak and members of the Collective Class to have suffered wage losses.

53. Defendants knew or showed reckless disregard for the fact that they failed to pay Dvorak and members of the Collective Class overtime and minimum wage compensation in violation of the FLSA.

### SECOND CLAIM FOR RELIEF:
### FAILURE TO PAY OVERTIME AND MINIMUM WAGE
### COMPENSATION IN VIOLATION OF WISCONSIN LAW

54. Dvorak individually and on behalf of the Wisconsin Unpaid Wage Class alleges and incorporates by reference the allegations in the preceding paragraphs.

55. The foregoing conduct, as alleged, violates Wis. Stat. § 103.03, Wis. Stat. §104.02, Wisconsin Administrative Code § DWD 274.03, and Wisconsin Administrative Code § DWD 272.03.

56. At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of Wis. Stat. § 103.001 and Wis. Stat. § 104.01.

57. At all relevant times, Dvorak and the putative Wisconsin Unpaid Wage Class members were employees within the meaning of Wis. Stat. § 103.001(5) and Wis. Stat. §104.01(2).

58. Wisconsin Statute § 103.02 and Wisconsin Administrative Code § DWD 274.03 require an employer to pay overtime compensation to all non-exempt employees. Dvorak and

members of the putative Wisconsin Unpaid Wage Class are not exempt from overtime pay requirements under Wisconsin law.

59. Wisconsin Statute § 104.02 and Wisconsin Administrative Code § DWD 274.03 require an employer to pay employees at least the minimum wage prescribed by Wisconsin Administrative Code § DWD 274.03 for all hours worked.

60. At all relevant times, Defendants had a policy and practice of failing and refusing to pay overtime wages to Dvorak and the putative Wisconsin Unpaid Wage Class members for their hours worked in excess of forty (40) hours per workweek, including, but not limited to, time spent working before and after the scheduled work day and time which was not compensated due to improper rounding of hours.

61. During the applicable statute of limitations, Dvorak and members of the Collective Class performed work for which they received less than the Wisconsin minimum wage, including time worked before and after the scheduled work day and time that was not compensated due to improper rounding of hours.

62. As a result of Defendants' willful failure to pay overtime due to Dvorak and the putative Wisconsin Unpaid Wage Class members, Defendants have violated, and continue to violate, Wis. Stat. §§ 103.03, 104.03; 109.03, Wisconsin Administrative Code § DWD 274.03, and Wisconsin Administrative Code § DWD 272.03.

63. Dvorak on behalf of herself and members of the putative Wisconsin Unpaid Wage Class seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendants, as provided by Wis. Stat. § 109.03(6).

64. Dvorak on behalf of herself and members of the putative Wisconsin Unpaid Wage Class seeks damages in the amount of the unpaid wages earned and due as provided by

11

Wis. Stat. §§ 103.03, 104.03 and 109.03, and Wisconsin Administrative Code §§ DWD 274.03, 272.03, and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand the following relief:

- A. Issue notice to all similarly situated employees of Affinity Health System and Ministry Health Care informing them of their right to file consents to join this action;

- B. Certify all Plaintiff's federal claims as a Collective Action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b).

- C. Certify all Plaintiff's state law claims under Wis. Stat. Ch. 109 as a class action pursuant to Fed R. Civ. P. 23.

- D. Award Plaintiff and all members of the Collective Class and Wisconsin Unpaid Wage Class, their unpaid regular hourly rate of pay for hours of work up to forty hours per week and their unpaid overtime rate of pay for all hours of work in excess of forty hours per week;

- E. Award an additional amount under federal law as liquidated damages, equal to the amount awarded in ¶B of this prayer for relief pursuant to federal law;

- F. Award an additional amount under Wisconsin state law in the amount of 50% of the amount of wages due and unpaid awarded in ¶B of this prayer for relief pursuant to state law;

- G. Enter an order permanently enjoining and restraining Defendants from violating the provisions of Wisconsin state law and Federal Law;

- H. Award Plaintiffs' attorneys their reasonable fees and costs of this action;

- I. Grant all Plaintiffs such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated this 10th day of February, 2014.

/s/ Nathan D. Eisenberg
Nathan D. Eisenberg (SBN 1030555)
THE PREVIANT LAW FIRM, S.C.
1555 N. RiverCenter Drive, S. 202
P. O. Box 12993
Milwaukee, WI 53212
Telephone: 414/271 4500
Fax: 414/271 6308
nde@previant.com

Gregory B. Gill, Sr. (SBN 1015838)
Barry P. Gill (SBN 1089246)
GILL & GILL, S.C.
128 North Durkee Street
Appleton, WI 54911
Telephone 920/739-1107
Facsimile 920/739-3027
gillsr@gillandgillsc.com

Attorney for Plaintiffs