IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROSELYN DEXTER, ERIKA DORN
and REBECCA MADER, individually and
on behalf of those similarly situated,

                Plaintiffs,                OPINION & ORDER

   v.                                       14-cv-087-wmc

MINISTRY HEALTH CARE and
AFFINITY HEALTH SYSTEM,

                Defendants.

---

In this putative class and collective action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 *et seq.*, and state law, plaintiffs Roselyn Dexter, Erika Dorn and Rebecca Mader allege that defendants failed to pay their employees for all hours worked, mainly by requiring them to remain on-call or to work during lunch breaks without compensation.  On February 17, 2015, plaintiffs filed a motion for preliminary approval of their proposed settlement agreement, in which defendants join.  (Dkt. #50.) For purposes of settlement, the parties also jointly ask the court to certify a class of non-exempt professional/technical employees who worked at defendants' hospital from February 10, 2012, until February 9, 2014, pursuant to Federal Rule of Civil Procedure 23(b)(3). (Dkt. #51.)  After reviewing the parties' submissions, and following a telephonic conference during which the parties addressed the court's questions and concerns, the court will grant the motion for preliminary approval and schedule a fairness hearing for 1:00 p.m. on Friday, June 12, 2015.

I.  **Overview of Claims and Procedural History**

On February 10, 2014, former plaintiff Tammy Dvorak filed a putative class action in this court asserting wage and hour claims on behalf of herself and a group of current and former employees of defendants. On March 14, an amended complaint added named plaintiffs Roselyn Dexter, Erika Dorn and Rebecca Mader. Original plaintiff Dvorak's individual claims were later resolved, and she has been dismissed from the case. (Dkt. #37.)

On July 14, plaintiffs moved for conditional certification of a class consisting of employees working at three separate locations operated by the defendants: Calumet Medical Center, Mercy Medical Center, and St. Elizabeth's Hospital. The parties eventually agreed to limit the class to employees from St. Elizabeth's and, with that alteration, stipulated to conditionally certify a class under the FLSA. (Dkt. #31.) That class included:

> All non-exempt professional/technical employees employed by the Defendants who worked at St. Elizabeth Hospital from February 10, 2011 until February 9, 2014 with direct patient care responsibilities whose scheduled hours included an automatic deduction for unpaid meal breaks.

(Stip. Conditional Cert. (dkt. #31) ¶ 3.) Consistent with the parties' stipulation, the court conditionally certified this case as a collective action under 29 U.S.C. § 216(b), as well as approved notice to members of the conditional class. (Dkt. #32.)

The parties then engaged in extensive discovery, which brought to light a large group of previously unidentified class members in November of 2014. In response, the parties stipulated to provide notice to those individuals and to extend the Rule 23 certification deadlines in light of the discovery. (Dkt. #45.) The parties then engaged in settlement discussions that ultimately yielded the proposed settlement.

2

**II. Basic Settlement Terms**

For settlement purposes, plaintiffs seek to certify the following class under Rule 23:

> All non-exempt professional/technical employees employed by the Defendants who worked at St. Elizabeth Hospital from February 10, 2012, until February 9, 2014, with direct patient care responsibilities whose scheduled hours included an automatic deduction for unpaid meal breaks and who worked in the following departments:
>
> - 2 South Patient Care Unit
> - Birthplace
> - East Region Nursing Float Pool
> - Emergency Room
> - ICU
> - Med./Surg./Ortho 4 S
> - Newborn Level 3
> - Nursing Flex Pool/Float Pool
> - Operating Room
> - PACU
> - PEDS/GYN
> - Psych Adol./Child/Adult
> - Radiology/Radiology Therapy
> - Rehab. In-Patient
> - Respiratory Therapy
> - Surgery & Procedure Area

(Stip. Rule 23 Class Cert. (dkt. #51) ¶ 2.)  The proposed FLSA collective remains the same, except that it will include a requirement that members have already timely opted into the lawsuit.  The joint agreement also appoints The Previant Law Firm, S.C., and Gill & Gill, S.C., as class counsel.

The settlement agreement further provides for a settlement fund totaling $1,100,000, with defendants to be separately responsible for paying any payroll taxes that may result.[1]  $10,000 of the settlement fund will be set aside in a contingency fund to

---

[1] According to the parties, this fund represents between approximately 65% and 69% of the estimated maximum value of the class members' claims.

correct any errors regarding allocations, and all unused portions of this contingency fund will be reallocated to the class members on a pro rata basis. Class counsel also plans to make an application for attorney fees for one third of the total fund (33⅓%), which defendants indicate they will not oppose. An additional $5,000.00 from the settlement fund will be paid to each class representative. If the court approves a lower class representative award or a lower award for attorney fees, the settlement contemplates that the difference will be reallocated on a pro rata basis to the settlement classes.

According to the declaration of attorney Nathan D. Eisenberg, calculation of the settlement allocation involved a multi-step process. *First*, the parties calculated the exact number of automatic lunch deductions for which each class member was not paid during the statutory period and multiplied those hours by the class member's regular hourly rate. *Second,* liquidated damages were calculated at a rate of 100% of back wages for FLSA participants and 50% of back wages for those who did not opt into the FLSA collective action. *See* Wis. Stat. § 109.11(2)(a) ("In a wage action claim that is commenced by an employee before the department has completed its investigation under s. 109.09(1) and its attempts to compromise and settle the wage claim under sub. (1), a circuit court may order the employer to pay to the employee . . . increased wages of not more than 50% of the amount of wages due and unpaid."). Those calculations yielded a maximum claim value for each class member. *Third,* that maximum claim value was used to assign a percentage of the total claims to each class member. *Fourth,* the pro rata percentages were multiplied by the

existing settlement fund to arrive at individual claim amounts, yielding an average claim of about one thousand dollars.[2]

There will be no claims process. Rather, no later than ten days from the court's order of preliminary approval, class counsel proposes to mail a "Notice of Settlement" to each member of the Rule 23 settlement classes at his or her last known home address. (Dkt. #50-2.) Class members will then have thirty days to opt *out*.[3] Opt-out class members will not be bound by the release of their state law claims, and their allocated settlement funds will revert to the defendants. If they do not opt out, the Rule 23 class members release all claims for "unpaid wages, minimum wages, overtime pay, wage complaint retaliation, liquidated damages, penalties, attorney fees and costs, and interests" under Wisconsin law and the Wisconsin Administrative Code "that has arisen or could have arisen at any time from the commencement of employment with Defendant up to the date the Court grants final approval of this Settlement Agreement." (Revised Settlement Agreement (dkt. #57-1) 11-12 [hereinafter "Settlement Agreement"].) The Notice of Settlement expressly provides that plaintiffs who are Rule 23 class members only retain their federal FLSA claims.[4]

In contrast, members of the FLSA collective action release all claims for "unpaid wages, minimum wages, overtime pay, wage complaint retaliation, liquidated damages, penalties, attorney fees and costs, and interests" under the FLSA *and* Wisconsin law and the

---

[2] The declaration lists the average claim at $1,083.08, while the brief indicates the average claim is $1,050.94.

[3] Following the telephonic status conference, the parties filed a revised Settlement Agreement, which removed language that would have required Rule 23 class members to file a consent form.

[4] At the telephonic hearing, the court inquired as to why the release language applies to all claims from the beginning of class members' employment, while damages were calculated only from February 10, 2012, for Rule 23 class members and February 10, 2011, for FLSA collective members. The parties confirmed that the reason for the breadth of the release is that the applicable statutes of limitations would bar any claims arising before the period for which damages were calculated.

Wisconsin Administrative Code.  (Settlement Agreement 12.)  At the telephonic conference, the court inquired as to the reason that the settlement contemplates FLSA collective members release *both* federal and state claims.  In response, the parties directed the court to a number of cases holding that plaintiffs may proceed under both the FLSA and state law but cannot recover twice for the same violation.  *See, e.g.*, *Encinas v. J.J. Drywall Corp.*, 840 F. Supp. 2d 6, 9 (D.D.C. 2012) (plaintiff "may not collect twice for the same unpaid overtime compensation"); *DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 589 F. Supp. 2d 1026, 1031 (E.D. Wis. 2008) ("While Plaintiff may not obtain double recovery, he is free to pursue relief under the FLSA as well as state statutory and contract claims.").  Because plaintiffs will have recovered damages for the allegedly unpaid wages by settling their claims under FLSA, the parties represent that any subsequent state-law claims based on the same alleged violations would be barred under this rule precluding double recovery.

The settlement will be disbursed in two installments.  Members of the Rule 23 class will receive 67% of their settlement payment in one check, to be reported as wages on IRS Form I-2, and the other 33% on another check as payment for the penalty and/or prejudgement interest, to be reported on IRS Form 1099.  For FLSA Collective members, the only difference is that the checks will split the settlement amount 50%-50%.  (Settlement Agreement 6-7.)  During the telephonic conference, the parties confirmed that this difference in tax treatment arises from the fact that the FLSA permits an award of statutory liquidated damages up to 100% of back wages, 29 U.S.C. § 216(c), while Wisconsin law permits a maximum penalty of 50% of back wages, Wis. Stat. § 109.11(2)(a).

As proposed, all settlement amounts allocated to individuals who exclude themselves from the settlement revert to defendants. All settlement amounts allocated to individuals who fail to cash their checks within 90 days revert to the defendants until they have received $50,000. After that, any uncashed funds will be paid to the Wisconsin Equal Justice Fund. (Settlement Agreement 11.)

**III. Preliminary Approval**

Based upon the court's review of the parties' joint motion for preliminary approval of the settlement agreement (dkt. #50), as well as all corresponding exhibits and papers submitted in connection with the motion, the court concludes preliminarily that the proposed settlement is "within the range of possible approval." *Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998). The proposed settlement appears to be the result of extensive arm's-length negotiations. The methods for allocation also appear to be reasonable and accurately reflect the relative value of each class member's claim, and the total amount appears reasonable in light of the risks and expenses attending further litigation and possible trial. In particular, the court is satisfied based on representation of counsel that the settlement amount likely to revert to defendants here will not be substantial and will reflect possible contingent liability by defendants for unsettled claims.

**IV. Rule 23 Certification**

For settlement purposes only, the parties have stipulated to the Rule 23 certification of the following class:

> All non-exempt professional/technical employees employed by the Defendants who worked at St. Elizabeth Hospital from

7

February 10, 2012, until February 9, 2014, with direct patient care responsibilities whose scheduled hours included an automatic deduction for unpaid meal breaks and who worked in the following departments:

- 2 South Patient Care Unit
- Birthplace
- East Region Nursing Float Pool
- Emergency Room
- ICU
- Med./Surg./Ortho 4 S
- Newborn Level 3
- Nursing Flex Pool/Float Pool
- Operating Room
- PACU
- PEDS/GYN
- Psych Adol./Child/Adult
- Radiology/Radiology Therapy
- Rehab. In-Patient
- Respiratory Therapy
- Surgery & Procedure Area

(Dkt. #51.) The court finds that the class meets all the requirements of Rule 23(a) and (b)(3) and will, therefore, certify the class for settlement purposes.

The class meets the requirements of Fed. R. Civ. P. 23(a) because:

(1) based on information provided to date, the class includes more than 650 employees, and it would be impracticable to join that many individual plaintiffs;

(2) the class members' claims share common issues of law and fact, such as whether defendants unlawfully failed to pay the named plaintiffs and putative class members for "on-duty" meal periods and for work actually performed during unpaid meal periods;

(3) the claims of named plaintiffs Roselyn Dexter, Erika Dorn and Rebecca Mader are typical of putative class members' claims, because named plaintiffs claim

8

they were subject to, and injured by, the same automatic lunch deduction policy as the other putative class members;

(4) class counsel are qualified and able to conduct this litigation and have extensive experience in complex wage and hour class actions, including some before this court and before the United States District Court for the Eastern District of Wisconsin; and

(5) the named plaintiffs' interests are not antagonistic to the interests of the class.

This class also satisfies Fed. R. Civ. P. 23(b)(3) for purposes of settlement because common factual allegations and a common legal theory predominate over any factual or legal variations among class members. Specifically, class members' allegations arise out of a uniform policy, applied equally to all class members, that allegedly resulted in failure to pay employees for hours worked. Class adjudication of this case is also superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually.

**V. Notice and Settlement Procedure**

Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).  The Notices satisfy each of these requirements and adequately put the Rule 23 class members on notice of the proposed settlement.  The court raised the possibility of requiring defendants to post the Notice at the workplace, as well as mailing them out, but due to the parties' representation that they had good addresses already for nearly every class member will not require the posting.

## ORDER

IT IS ORDERED that:

1) The unopposed motion for preliminary approval of the settlement agreement (dkt. #50) is GRANTED.

2) The joint stipulation for Rule 23 certification (dkt. #51) is GRANTED.

3) The court appoints Gill & Gill, S.C. and The Previant Law Firm, S.C. as class counsel, finding all of the requirements of Fed. R. Civ. P. 23(g) met.

4) The court appoints named plaintiffs Roselyn Dexter, Erika Dorn and Rebecca Mader as class representatives.

5) The court APPROVES the proposed settlement notice (dkt. #50-2) and directs counsel to ensure distribution of the notice, consistent with the settlement agreement.

6) The court APPROVES the following settlement procedure and timeline:

    a. No later than April 15, 2015, class counsel shall arrange for the mailing of the notices to the class members.

    b. The notices shall provide that class members will have until May 15, 2015, to exclude themselves from the settlement or otherwise object.

      c.   The court will hold a fairness hearing on June 12, 2015, at 1:00 p.m.

Entered this 25th day of March, 2015.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge